```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at PIKEVILLE

JOE A. RAMIREZ,                    )
                                   )
        Petitioner,                )        Civil No.
                                   )       7:20-cv-015-JMH
V.                                 )
                                   )
HECTOR JOYNER, Warden              )
                                   )       MEMORANDUM OPINION
        Respondent.                )           AND ORDER


                    ****    ****    ****    ****
```

Petitioner Joe A. Ramirez is a federal inmate currently housed at the United States Penitentiary ("USP") – Big Sandy located in Inez, Kentucky. Proceeding without a lawyer, Ramirez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence and has paid the $5.00 filing fee. [DE 1]. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

**I.**

On November 9, 2006, pursuant to a plea agreement with the United States, Ramirez pleaded guilty in the United States District Court for the Northern District of Texas to possession with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(viii) and 18 U.S.C. § 2. *See United States v. Ramirez*, No. 6:06-cr-25-P-BU-1 (N.D. Tex. 2006). As part of his plea agreement, Ramirez expressly waived his right to appeal from either his conviction or his sentence, as well as "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Id*. at DE 196, p. 6.[2]

Ramirez was determined to be a Career Offender pursuant to § 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for delivery of a controlled substance. [DE 1 at p. 7].[3] Ramirez was sentenced to a total of

---

[2] Ramirez reserved the right "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure or variance from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel." *Id*.

[3] Pursuant to U.S.S.G. § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a

293 months of imprisonment to run consecutively with any sentence imposed in two Texas state court criminal cases then-pending against Ramirez. *See Ramirez*, No. 6:06-cr-25-C-BG-1 at DE 235, 236.

Although Ramirez appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, his appeal was dismissed as frivolous. *Id*. at DE 239, 276, 277. In 2009, Ramirez filed a motion under 28 U.S.C. § 2255 seeking relief on the grounds of ineffective assistance of counsel, as well as arguing that the Court erred in imposing his sentence to run consecutively to a yet-to-be imposed state sentence. *Id*. at DE 294; *Ramirez v. United States*, No. 6:09-cv-97-C (N.D. Tex. 2009). Ramirez's § 2255 motion was dismissed as time-barred, although the Court also indicated that, were it not time-barred, it would still be denied on the merits. *Id*. at DE 11. Ramirez's subsequent efforts to obtain relief from his sentence, including a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and a request to file a second or successive motion pursuant to 28 U.S.C. § 2255, have also been denied. *See Ramirez*, No. 6:06-cr-25-P-BU-1 at DE 333, 363; *Ramirez v. United States*, No. 6:16-cv-17-C (N.D. Tex. 2016) at DE 3, 6.

---

crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a).

In December 2016, Ramirez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that he was entitled to relief from his sentence pursuant to a variety of cases, including *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). *See Ramirez v. Kizziah*, 7:16-cv-280-KKC (E.D. Ky. 2016). This motion was also denied, both because of the waiver in his plea agreement and, in the alternative, because he was not entitled to relief. *Id*. at DE 10.

Ramirez has now filed a second petition pursuant to 28 U.S.C. § 2241 in this Court, arguing that he is entitled to relief from his sentence in light of the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Specifically, he challenges his classification as a Career Offender for purposes of the Sentencing Guidelines arguing that, in light of *Havis*, his "instant offense for aiding and abetting the possession of [illegible] dope no longer qualifies as a controlled substance offense for Career Offender purposes." [DE 1 at p. 7]. However, the Court must deny relief because Ramirez's claim is not cognizable in a § 2241 habeas corpus petition.

## II.

As an initial matter, as with Ramirez's first § 2241 petition, Ramirez's petition is barred by the collateral attack waiver

provision of his plea agreement. In his plea agreement, Ramirez bargained for and received a substantial reduction in the sentence he faced via the United States' agreement to dismiss other significant charges pending against him, including an agreement to forebear the filing of a 21 U.S.C. § 851 Enhancement Information predicated upon Ramirez's prior felony drug offenses which, if found to be true, would have subjected Ramirez to a penalty of mandatory life imprisonment on one Count and 10 years to life imprisonment on another Count. *Ramirez*, No. 6:06-cr-025-P-BU at DE 196, p. 4-5. In exchange, Ramirez agreed to plead guilty and to waive his right to appeal and his right to "contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Id*. at p. 6. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Ramirez is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Ramirez claims that he is entitled to seek relief from his sentence, notwithstanding his prior waiver, in light of the recent decision of the United States Supreme Court in *Hughes v. United States*, 138 S.Ct. 1765 (2018). In *Hughes*, the Supreme Court considered whether a defendant may seek relief under 18 U.S.C. § 3582(c)(2) if he or she entered a plea agreement specifying a particular sentence or sentencing range pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *Hughes*, 138 S. Ct. at 1773. But Ramirez was not sentenced pursuant to a Type-C plea agreement under Fed. R. Civ. P. 11(c)(1)(C). Indeed, not only did Ramirez's plea agreement fail to specify a particular sentence or sentencing range, it specifically provides that "Ramirez understands that this plea agreement does not create a right to be sentenced within, or below, any particular guideline range, and Ramirez fully understands that determination of the guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum), are solely in the discretion of the Court." *Ramirez*, No. 6:06-cr-025-P-BU at DE 196, p. 3. Thus, *Hughes* is inapplicable. *See United States v. Jones*, No. 5:10-CR-078-12-JMH, 2019 WL 208873, at *1 (E.D. Ky. Jan. 15, 2019), *appeal dismissed,* No. 19-5203, 2019 WL 4165107 (6th Cir. July 17, 2019).

Even absent his plea agreement waiver, Ramirez is still not entitled to relief. A federal prisoner generally may not use a §

6

2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the

criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). More recently, in *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Here, Ramirez challenges the enhancement of his sentence resulting from his classification as a Career Offender under the Sentencing Guidelines. The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory

8

interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599.

Ramirez does not meet the foregoing requirements. First, Ramirez was sentenced in 2007 after the Supreme Court's decision in *Booker* made the Sentencing Guidelines advisory rather than mandatory. On this basis alone, Ramirez's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner

was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Nor has Ramirez identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required. *See Hill*, 836 F.3d at 600. Instead, Ramirez relies on the Sixth Circuit's decision in *Havis* which is, of course, not a Supreme Court decision. In *Hueso v. Barnhart*, No. 18-6299, --- F.3d ---, 2020 WL 104612 (6th Cir. Jan. 9, 2020), the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Id*. at *6 (emphasis added).

Finally, Ramirez has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. For that matter, he could have raised his challenge to his Career Offender classification in his motion for a second or successive § 2255 motion or in his first § 2241 petition filed in this Court. Because Ramirez cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*,

939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

For all of these reasons, Ramirez's claim for relief is not cognizable in a § 2241 petition and, therefore, he is not entitled to relief.

Accordingly, it is **ORDERED** as follows:

1) Ramirez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3) A corresponding Judgment will be entered this date.

This the 5th day of February, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge